IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PAULA CALLENDER**                                                                              **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 1:06cv1228JMR-JMR**

**IMPERIAL PALACE OF MISSISSIPPI, LLC.**                                          **DEFENDANTS**

### MEMORANDUM OPINION

This cause comes before the Court on the motion of the Defendant, Imperial Palace of Mississippi, LLC. [IP]  for summary judgment [45-1] on claims against it by Paula Callender pursuant to Rule 56 of the Federal Rules of Civil Procedure.  After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows.

Standard of Review

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . ." FED. R.CIV. P. 56(c).  The moving party initially carries the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Materiality connotes disputes over facts which might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  Further, ". . . summary judgment will not lie if the dispute about a material fact is `genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of evidence to support

the nonmovant's cause of action. *Celotex,* 477 U.S. at 325; *Hirras v. National R.R. Passenger Corp.,* 95 F.3d 396, 399 (5th Cir. 1996). Should this burden be met by the moving party, the nonmoving party then must establish sufficient facts beyond the pleadings to show that summary judgment is inappropriate. *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir. 1993). The Court examines applicable substantive law to determine which facts and issues are material. *King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992). The nonmoving party must oppose the summary judgment motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. FED.R.CIV.P. 56(e). If the opponent fails in his duty, after the Court has viewed the evidence in the light most favorable to the nonmovant, summary judgment is implicated. *Id*.; *Exxon*, 4 F.3d at 1297. Assertions unsupported by facts are insufficient to oppose a summary judgment motion. *Williams v. Weber Management Services,* 839 F.2d 1039 (5th Cir. 1987).

Statement of Facts

On August 1,2004, Plaintiff , Paula Callender alleges she was injured while gaming at a poker table on the IP's premises (Complaint 1-1). Callender contends that an unidentified customer seated at the table was consuming alcoholic beverages. The customer hit the arm of the cocktail waitress causing her to drop a tray of drinks approximately eight to twelve inches. (Defendant's Motion for Summary Judgement, Callender Deposition, Exhibit 1) After the incident, neither the IP nor the plaintiff called an ambulance or sought medical attention. *Id* After the incident was cleaned up, Plaintiff continued to play for an additional forty -five minutes until her shoulder allegedly began to hurt her. *Id* Later, while still at the Casino, Plaintiff completed
a Guest Accident Report. *Id*.

On June 21,2004, approximately forty days prior to the incident, Plaintiff visited Dr Walter

Gipson IV, a family medicine practitioner in Picayune ,MS.(Defendant's Motion for Summary Judgement, Callender Deposition, Exhibit 3) . Plaintiff complained of right shoulder pain and stated that it hurt to lift her shoulder or to move it. *Id.* Dr Gipson diagnosed Plaintiff with bursitis. *Id* Dr Gipson testified with reference to Plaintiff's June 21,2004 visit and her right shoulder's condition that " If you are asking my opinion could there have been [a rotator cuff tear],there could have been , but I can't say there wasn't one, I can't say there was one."*Id*.

On August 11,2004, ten days after the incident, Plaintiff who lives in Carriere, MS. visited Dr. Johansen at the Bienville Orthopedic Clinic in Biloxi, MS complaining of shoulder pain. (Defendant's Motion for Summary Judgement, Callender Deposition, Exhibit 1). On her initial visit, Callender did not inform Dr.Johansen of her prior complaint, diagnosis or office visit to Dr. Gipson regarding shoulder pain.( Defendant's Motion for Summary Judgement, Dr.Johansen's medical records,  Exhibit 4). On November 5,2004, Callender was diagnosed by Dr.Johansen with a rotator cuff tear and degenerative joint disease to her right shoulder.

On April 11,2005, Callender was admitted to Garden Park Medical Center for right shoulder surgery. On April 13,2005, the nurses' records indicate that she was smoking post-operation, even though she was advised not to smoke. (Defendant's Motion for Summary Judgement, Garden Park medical records,  Exhibit 5). On April 13,2005, a code blue was reported on Callender. It was later determined that she suffered respiratory failure, pulmonary edema and possible acute myocardial infraction. *Id*  Callender was released from the hospital after she recovered from her complications.

Dr. Johansen is the only orthopedic expert designated by Plaintiff to testify with regard to her rotator cuff tear and degenerative joint disease. He was deposed on August 30,2007 (Defendant's Motion for Summary Judgement, Johansen Deposition, Exhibit 6). During the deposition, initially Dr Johansen causally connected the incident and the rotator cuff injury as he believed that Plaintiff

raised her right arm to stop the tray falling on her. However, after he reviewed the videotaped portion of Plaintiff's deposition wherein the Plaintiff described and demonstrated how the incident at the IP occurred in that the tray and the drinks hit her right shoulder, Dr. Johansen opined, "If the tray skived against her shoulder, then I don't see how it could have torn a rotator cuff." *Id* Dr Johansen was asked a hypothetical question wherein he was to assume that the incident occurred as Plaintiff related it in her videotaped deposition. In response to the hypothetical Dr. Johansen opined that "the tray did not cause her shoulder problem". Finally, Dr Johansen testified that he could not say to a reasonable degree of medical probability the incident caused the injury. He stated that his impression from the video was that he could not tell from the way she described the incident how she tore her rotator cuff. He believed his patient when she said it happened, but it did not make sense to him how it could have occurred. *Id*

The IP designated Dr. Jim Thriffiley IV, orthopedic surgeon, as their expert. Thriffiley opined that the mechanism described by Plaintiff is nearly impossible to have caused the rotator cuff tear found in her shoulder. Dr Thriffiley stated that her activities as a nurse's aide and a nurse wherein she was consistently lifting patients was a much more likely cause of her injury. (Defendant's Motion for Summary Judgement, Thriffiley medical narrative, Exhibit 7).

Discussion

In determining a diversity case, a federal court is obligated to apply the state substantive law. *Times Picayune Pub. Corp. v. Zurich Am. Ins. Co.* 421 F.3d 328,334 ( 5thCir. 2005). Whether under a negligence or a negligence per se theory , Plaintiff is required to prove a causal connection between the alleged breach of duty and damages, such that the breach relates to the proximate cause of the damages . *Burnham v. Todd* , 508 So.2d 1072 ( Miss.1987). Mississippi law recognizes that

Plaintiff must introduce "evidence which affords a reasonable basis for the conclusion that is more likely than not the conduct of the defendant was a cause in fact of the result. A mere possibility of causation is not enough." *Id* at 1074.

Plaintiff's expert, Dr.Johansen opined that Plaintiff "already had some spurs going down into that area ... that can put pressure on the rotator cuff to tear it. So she obviously had anatomy that would predispose her to having a rotator cuff tear."*Id.* Dr. Johansen testified that after reviewing her deposition testimony he cannot opine to a reasonable degree of medical probability that the incident was causally connected to the injury.  Dr. Gipson, Plaintiff's regular treating physician cannot testify that the rotator cuff was not already present when he examined Plaintiff forty days prior to the incident as she could not raise her right arm during his examination.
( Defendant's Motion for Summary Judgement, Exhibit 3) .

Plaintiff attempts to raise a genuine issue of material fact with regard to the causal connection between the IP incident and her shoulder injury, even though  Dr. Johansen's admitted he could not causally connect the injury and Defendant's expert opined that it was nearly impossible for this incident to have cause her injury. Plaintiff asserts that  Dr. Johansen testified on direct examination that the injury was causally related, but after reviewing her videotaped deposition wherein she describes how she claims the incident occurred , he changed his testimony. Plaintiff believes this inconsistency in testimony creates a genuine issue of material fact. However, Plaintiff avers that she cannot state in her affidavit or at the time of her deposition exactly what objects hit her or where the objects hit her body.  In fact, her signed Guest Accident Report taken and signed on the night of the incident, indicates that the drinks and the tray landed on her right shoulder which would not be possible if her right arm were raised to stop the tray. (Defendant Motion for Summary Judgment, Exhibit 2).  The Court finds that the Plaintiff cannot meet her burden of proof as to the element of

cause in fact .

"A non- movant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, her previous testimony." *Thurman v. Sears, Roebuck &Co.* , 952 F.2d 128,137,n.23 ( 5th Cir.1992). Paragraph 6 of Plaintiff's Affidavit states that she suspects now that she reacted as most people would to protect herself by raising her right arm."(Affidavit of Callendar attached as Exhibit A to Plaintiff's response to Motion for Summary Judgement) . However, she clearly indicated in her prior deposition and on the accident report that the tray hit her shoulder and that she did not raise her right arm. In her Affidavit, she provides no reason for her current speculations and direct contradiction in testimony. Moreover, the assertion in Paragraph 6 of her Affidavit is in direct contradiction to Paragraph 8 of the same Affidavit wherein she states that " I also cannot state at this time, nor at the time of my deposition, the exact mechanism by which I reacted to the falling objects."( Affidavit of Callendar attached as Exhibit A to Plaintiff's response to Motion for Summary Judgement). Finally, both Paragraphs 6 and 8 of the Affidavit in question contradict her sworn deposition testimony where she demonstrated that the tray fell from a distance of approximately one foot onto her shoulder. (Defendant's Motion for Summary Judgement, Callender Deposition, Exhibit 3).Additionally,Plaintiff's Affidavit contradicts her previous testimony again in Paragraph 8 of her Affidavit where she states that she experienced a sharp knife like pain immediately after the accident which did not improve." (Affidavit of Callender attached as Exhibit A to Plaintiff's response to Motion for Summary Judgement).  In her deposition, Plaintiff states that she continued to play at the poker table for forty-five minutes because she did not think that the injury was serious as it was only "sore and aching".(Defendant's Motion for Summary Judgement, Callendar Deposition,  Exhibit 3)

  Plaintiff's affidavit was sworn almost a year after her deposition testimony was taken and

several years after she recounted the events of the evening as reflected in her accident report. Plaintiff does not provide any reason for these contradictions nor does she present any reason for the Court to find that her current suspicion of how she reacted are far better then her unambiguous accident report and deposition of the incident. The Court finds that the Plaintiff's affidavit does not create a genuine issue of material fact as she never states conclusively in her Affidavit how she was injured and how or why her testimony is now different. She presents only her suspicions. Furthermore, she never avers as to why these suspicions dramatically changed from her accident report and deposition to the affidavit. The Court finds that a non-movant opposing a summary judgment" cannot manufacture a disputed material fact where non exists." *Albertson v. T.J. Stevenson&Co.,Inc*. 749 F.2d 223 (5thCir.1984).Further, the Court finds that the non-moving party may not defeat the motion merely by making general allegations or unsupported speculations or denial of facts. *Adams v. Cinemark USA,Inc*. 631 So.2d 1156,1161 (Miss.2002). The Court ,finally, finds that Plaintiff's affidavit does not bring forth any evidence linking her injuries to any alleged negligence on the part of IP.

As to Dr. Johansen's testimony, the Court finds that although he initially found that the incident at the IP resulted in Plaintiff's injury, after reviewing her videotaped deposition he could not find to a reasonable degree of medical probability that the incident caused the injury. There is no indication that Dr Johansen had any information regarding the Plaintiff's pre-existing shoulder problems. In fact, Plaintiff failed to disclose her previous shoulder diagnosis until after both her own and Dr Johansen's depositions. Dr. Johnasen's apparent change in his opinion was a result of new information he obtained including reviewing her video deposition in which sees her recounting the incident and her pre-existing problems. Prior to reviewing her deposition, Dr Johansen believed that the injury occurred because the Plaintiff raised her arm in such a way that caused her rotator cuff to tear when resisting against the weight of the tray. (Defendant's Motion for Summary Judgement,

Exhibit 6) Medical testimony that only demonstrates a mere possibility of causation, but fails to reasonably establish that the defendant's actions more likely then not were the cause of the Plaintiff's injuries, is legally insufficient to prove cause in fact. *Deas v. Andrews*, 411 So.2d 1286,1293(Miss.1982). The Court finds that after reviewing her sworn version of the events, Dr. Johansen changed his opinion. His inability to provide consistent testimony does not create a genuine issue of material fact it but merely undermines support for any expert causal connection between the accident and the injury.Therefore, summary judgement should be granted.       It is undisputed that Plaintiff was an invitee at the time of this incident. In order for the plaintiff to prevail, in this matter, she must prove that a dangerous condition existed in an area where she was injured . Under Mississippi law, IP has a duty to warn invitees of a dangerous condition of which they have knowledge. *Leflore County v. Givens*, 754 So. 2d.1223,1227 (Miss.2000). The accident, by itself, is not sufficient to prove that a dangerous condition existed at the time of the accident. *Evans* v. *United States*, 824 F. Supp. 93, 97 (S.D.Miss. 1993); *Taylor*, 737 So.2d at 437. In order to establish a claim of negligence, it must appear that the offending defendant violated some duty to the plaintiff. *J.C.Penney, Co. v. Sumrall* , 318 So.2d 829,832 (Miss.1975). As an invitee , IP owed the Plaintiff " the duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is a hidden danger or peril that is not open in plain view." *Thomas v. Columbia Group,LLC*. 969 So.2d 849, 853 ( Miss.2007)

"Where the presence of the dangerous condition is due to the act of a third party. it must be shown that the defendant had actual or constructive knowledge of its presence ... Constructive knowledge is established by proof that the condition existed for such a length of time that in the exercise of reasonable care , the proprietor should have known of it ." *Waller v. Dixieland Food Stores, Inc*. 492 So.2d 283, 285 .In situations where a plaintiff is injured by another patron , the owner

can be held liable only where he had cause to anticipate the wrongful or negligent act of the unruly patron. *Crain v. Cleveland Lodge*, 641 So.2d 1186,1189(Miss.1994). Plaintiff played at the same poker table for three to four hours.(Defendant's Motion for Summary Judgement, Callendar Deposition, Exhibit 1). Plaintiff alleges that the patron who allegedly struck the waitress' tray causing it to fall was "mouthy" and "slinging her arms everywhere" .*Id.* Plaintiff stated "A third person won a big hand and she's slinging her arms. And the cocktail waitress come back and she was reaching over to sit her drink down and she slung her arms up. And the whole tray ,drinks, money and all, went down the side." *Id*. IP contends that while Plaintiff asserts that her tablemate was visibly intoxicated, Plaintiff did not perceive any threat as she did not leave the table or complain to any IP employee regarding the condition of her tablemate. *Id* . The Court finds that the event, a winning hand which caused the other player to throw up her hands, occurred quickly and unpredictably. The Court, further , finds that under such circumstances Defendant had no reason to foresee that the unidentified client's impulsive action occurring just when the cocktail waitress arrivedto serve additional drinks.

Plaintiff asserts that IP continued to serve alcohol to a patron seated next to Plaintiff in violation of Mississippi Law and its own policies and procedures. Mississippi recognizes the doctrine of negligence per se, which essentially provides that a breach of a statute or ordinance may render the offender liable in tort without lack of proof of care. *Palmer v. Anderson Infirmary Benev. Ass'n,*656So2d 790,796 (Miss.1995)Violation of a statute or ordinance constitutes negligence per se where (1) the plaintiff is within a class protected by the statute and (2) the harm sustained is the type sought to be prevented by the statute. *Id* Even if the defendant breaches a statutory duty and is within the class protected by the violation, the plaintiff must still show that the violation proximately caused the injury. *Id*

Under Mississippi's dram shop act , the consumption of alcoholic beverages and not the sale

or furnishing of such beverages is the proximate cause of any injury inflicted by an intoxicated person upon himself or another person. *Miss Code Ann*.§67-3-73 (Rev.2004) Thus, IP asserts for the Plaintiff to prevail under negligence per se , she must bring forth evidence that IP violated the Mississippi dram shop act by continuing to serve alcohol to a visibly intoxicated guest. Plaintiff has not attached the affidavit or any testimony regarding the guest who allegedly caused the tray to fall. Her affidavit provides merely her suspicion in Paragraph 3 that the lady to her right was visibly intoxicated. The record as presented is devoid of any other is evidence of the fellow guest's condition. The Guest Accident Report indicates that a "customer sitting beside me slung her arm into the air and hit the waitresses drink tray out of her hand and drinks and tray hit my shoulder." (Defendant's Motion for Summary Judgment, Exhibit 2) There is no mention in the accident report that the fellow patron was intoxicated or that the intoxication caused her actions. Plaintiff did not seek her testimony or affidavit or any other witnesses to the event. In the accident report,  She does not blame the cocktail waitress or the IP for the guest's actions . Finally, she has not causally connected the tray's fall and her injury.

The Court also finds that the Plaintiff failed to present any evidence necessary for punitive damages. In order to recover for punitive damages under Mississippi law, the Plaintiff must prove by clear and convincing evidence that IP acted with actual malice, gross negligence which evidences a willful, wanton, reckless disregard for the safety of others". Miss Code Ann§11-1-65. In order for punitive damages to be warranted, " there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule." *Langston v. Bigelow*, 820 So.2d 752,757(Miss.App.Ct.2002). The Court finds there is no evidence presented that the waitress or any employee of the defendant acted in gross negligence with regard to this incident evincing ruthless

disregard for the right of others.

## **Conclusion**

After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds that the motion of the Defendant, IP, for summary judgment [45-1] on claims by the Plaintiff, Paula Callender be granted.

DATED this the 19th day of September, 2008.


                                                    s/John M. Roper Sr.
                                                    UNITED STATES MAGISTRATE JUDGE